**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BESTWAY OILFIELD, INC.** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-02996** |
| | § | |
| **MICHAEL MAPES, ORLIN** | § | |
| **MATUTE MURILLO, AND** | § | |
| **SERVICEPLUS, LLC** | § | |
| *Defendants.* | § | |

**DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Micheal Mapes ("Mapes"), Orlin Matute Murillo ("Murillo"), and Service Plus, LLC ("ServicePlus") (collectively "Defendants") file this Original Answer to Plaintiff's First Amended Complaint.

<u>ANSWER</u>

Defendants respond to the individually enumerated Paragraphs of Plaintiff's Original Complaint as follows:

### I.   NATURE OF THE CASE

1.   Defendants admit that Defendant ServicePlus has hired two former employees of Bestway.   Defendants deny the remaining

allegations in this Paragraph.

2.     Defendants admit that Mapes was a branch manager of Bestway before his resignation.  Defendants deny the remaining allegations in this Paragraph.

## II.   PARTIES

3.     Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

4.     Defendants admit the allegations contained in this Paragraph.

5.     Defendants admit the allegations contained in this Paragraph.

6.     Defendants admit the allegations contained in this Paragraph.

## III.   JURISDICTION AND VENUE

7.     This Paragraph contains legal conclusions to which no response is required.

8.     This Paragraph contains legal conclusions to which no response is required.

## IV.  FACTS

9.    Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

10.    Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

11.    Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

12.    Defendants lack sufficient information to admit or deny the allegations in this Paragraph.

13.    Defendants admit the allegations contained in this Paragraph.

14.    Defendants admit that on or around May 12, 2020, Bestway promoted Mapes to Branch Manager, which required him to move to Pennsylvania for the role. Defendants admit that Mapes had access to the Technical Drawings Drive while employed at Bestway. Defendants deny the remaining allegations contained in this Paragraph.

15.    Defendants admit that Mapes had access to Bestway's Basis system and the information it contained. Defendants further admit that he participated in branch manager meetings. Defendants deny the

remaining allegations contained in this Paragraph.

16. Defendants admit the Murillo worked at Bestway as a Valve Technician and later as a Valve Technician Instructor. Defendants admit that Murillo traveled to Pennsylvania on occasion. Defendants deny the remaining allegations in this Paragraph.

17. Defendants admit to the allegations contained in this Paragraph.

18. Defendants admit the allegations contained in the first sentence of this Paragraph.  The remaining statements are legal conclusions to which no response is required.

19. Defendants admit that Mapes entered an At-Will Employment Agreement effective May 12, 2020, which contains restrictive covenants. Defendants deny all remaining allegations in this Paragraph.

20. Defendants admit that Mapes' Employment Agreement contains the language referenced in this Paragraph.

21. Defendants admit that Mapes' Employment Agreement contains restrictive covenants. Defendants deny that such restrictive covenants are valid or enforceable.

22.     Defendants admit that the Employment Agreement contains self-serving language indicating that its restrictive covenants are reasonable. Defendants deny that such language is valid or enforceable, and they deny that the restrictive covenants are reasonable or enforceable.

23.     Defendants admit that Mapes' Employment Agreement contains the language referenced in this Paragraph. Defendants deny that such language is binding or enforceable. Defendants further deny that Bestway has suffered an irreparable injury.

24.     Defendants deny that ServicePlus is a direct competitor of Bestway. Defendants admit that its website says what it says.

25.     Defendants admit that Jacob Cox was a former employee of Bestway. Defendants deny the remaining allegations in this Paragraph.

26.     Defendant Murillo admits that his employment ended with Bestway on or about June 13, 2024. Defendant denies all remaining allegations in this Paragraph.

27.     Defendants deny the allegations contained in this Paragraph.

28.     Defendant Mapes admits to calling Vice President, Kyle Kenney on June 21, 2024, to inform him that he was resigning from

Bestway. Defendants deny all remaining allegations in this Paragraph.

29.    Defendants deny the allegations contained in this Paragraph.

30.    Defendants admit that Mapes spoke with Kyle Kenney regarding his resignation, and that they discussed a position with Bestway in Channelview. Defendants deny the remaining allegations in this Paragraph.

31.    Defendants deny the allegations contained in this Paragraph.

32.    Defendants deny the allegations contained in this Paragraph.

33.    Defendants deny the allegations contained in this Paragraph.

34.    Defendants admit that Murillo took photographs of certain components of Bestway's valves and texted those photographs to Mapes. Defendants deny all other allegations contained in this Paragraph.

35.    Defendants deny the allegations contained in this Paragraph.

36.    Defendants deny the allegations contained in this Paragraph.

37.    Defendants lack sufficient information to admit or deny the first sentence of this Paragraph. Defendants deny the remaining allegations contained in this Paragraph.

## IV.   CAUSES OF ACTION

## COUNT 1 – TRADE SECRET
## MISAPPROPRIATION UNDER DTSA

38.   Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

39.   Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

40.   Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

41.   Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

42.   Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

43.   Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

44.   Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

45.   Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

46.   Defendants deny the allegations contained in this Paragraph.

47.    Defendants deny the allegations contained in this Paragraph.

48.    Defendants deny the allegations contained in this Paragraph.

49.    Defendants deny the allegations contained in this Paragraph.

50.    Defendants deny the allegations contained in this Paragraph.

51.    Defendants deny the allegations contained in this Paragraph.

52.    Defendants deny the allegations contained in this Paragraph.

**COUNT II – TRADE SECRET
MISAPPROPRIATION UNDER TUTSA**

53.    Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

54.    Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

55.    Defendants deny the allegations contained in this Paragraph.

56.    Defendants deny the allegations contained in this Paragraph.

57.    Defendants deny the allegations contained in this Paragraph.

58.    Defendants deny the allegations contained in this Paragraph.

59.    Defendants deny the allegations contained in this Paragraph.

60.    Defendants deny the allegations contained in this Paragraph.

61.    Defendants deny the allegations contained in this Paragraph.

## COUNT III – COMMON LAW
## MISAPPROPRIATION/ UNFAIR COMPETITION

62. Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

63. This Paragraph contains a request for relief to which no response is required. To the extent a response is required, Defendants deny Bestway is entitled to the relief requested.

64. Defendants lack sufficient information to admit or deny the allegations contained in this Paragraph.

65. Defendants deny the allegations contained in this Paragraph.

66. Defendants deny the allegations contained in this Paragraph.

67. Defendants deny the allegations contained in this Paragraph.

68. Defendants deny the allegations contained in this Paragraph.

## COUNT IV – BREACH OF CONTRACT

69. Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

70. Defendants deny the allegations contained in this Paragraph.

71. Defendants deny the allegations contained in this Paragraph.

72. Defendants deny the allegations contained in this Paragraph.

73. Defendants deny the allegations contained in this Paragraph.

74. This Paragraph contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations contained in this Paragraph.

75. This Paragraph contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations contained in this Paragraph.

76. This Paragraph contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations contained in this Paragraph.

77. This Paragraph contains legal conclusions to which no response is required. If a response is required, Defendants deny the allegations contained in this Paragraph.

78. Defendants admit Mapes and Murillo received an employee handbook. Defendants deny the remaining allegations contained in this Paragraph.

79. Defendants deny the allegations contained in this Paragraph.

80. Defendants deny the allegations contained in this Paragraph.

81. Defendants deny the allegations contained in this Paragraph.

82. Defendants deny the allegations contained in this Paragraph.

## COUNT V – BREACH OF FIDUCIARY DUTY

83.    Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

84.    Defendants deny the allegations contained in this Paragraph.

85.    Defendants deny the allegations contained in this Paragraph.

86.    Defendants deny the allegations contained in this Paragraph.

87.    Defendants deny the allegations contained in this Paragraph.

88.    Defendants deny the allegations contained in this Paragraph.

## COUNT VI - CIVIL CONSPIRACY

89.    Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

90.    Defendants deny the allegations contained in this Paragraph.

91.    Defendants deny the allegations contained in this Paragraph.

92.    Defendants deny the allegations contained in this Paragraph.

93.    Defendants deny the allegations contained in this Paragraph.

94.    Defendants deny the allegations contained in this Paragraph.

## COUNT VII – AIDING AND ABETTING
## BREACH OF FIDUCIARY DUTY

95.    Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

96.   Defendants deny the allegations contained in this Paragraph.

97.   Defendants deny the allegations contained in this Paragraph.

98.   Defendants deny the allegations contained in this Paragraph.

99.   Defendants deny the allegations contained in this Paragraph.

## COUNT VIII TORTIOUS INTERFERENCE WITH CONTRACT

100.   Defendants incorporate its prior responses set forth in each previous Paragraph as if set forth fully herein.

101.   Defendants deny that Bestway had valid contracts with Defendants.

102.   Defendants deny the allegations contained in this Paragraph.

103.   Defendants deny the allegations contained in this Paragraph.

104.   Defendants deny the allegations contained in this Paragraph.

105.   Defendants deny the allegations contained in this Paragraph.

106.   Defendants deny the allegations contained in this Paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants assert the affirmative defense that Plaintiff fails to state a claim in whole or part upon which relief may be granted against Defendants.

## Second Affirmative Defense

Defendants assert the affirmative defense that other than the trade secret misappropriation claim, all Plaintiff's claims are barred under Section 134A.007(a) of the Texas Uniform Trade Secrets Act: "this chapter displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Tex. Civ. Prac. & Rem. Code § 134A.007(a).

## Third Affirmative Defense

Defendants assert the affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine(s) and/or defense(s) of unclean hands, laches, waiver, estoppel, to the extent any of such doctrine(s) and/or defense(s) are applicable or that may become available or apparent during the course of discovery.

## Fourth Affirmative Defense

Defendants assert the affirmative defense that Plaintiff's claims are barred in whole or in part due to the plaintiff's failure to act in a reasonable manner.

## Fifth Affirmative Defense

Defendants assert the affirmative defense that Plaintiff's claims

are (i) groundless and brought in bad faith; (ii) groundless and brought for the purpose of harassment; and (iii) groundless and interposed for an improper purpose.

## Sixth Affirmative Defense

Defendants assert the affirmative defense of failure or lack of consideration in the Employment Agreement.

## Seventh Affirmative Defense

Defendants assert the affirmative defense that the consideration provided for in the Employment Agreement was illusory.

## Eighth Affirmative Defense

Defendants assert the affirmative defense of unenforceability of the contractual provisions and alleged restraints sought to be imposed.

## Ninth Affirmative Defense

Defendants assert the affirmative defense that the provisions of the contracts at issue are unreasonable restraints of trade and may not be enforced to obtain damages for any alleged breach.

## Tenth Affirmative Defense

Defendants assert the affirmative defense of privilege and justification.

## Eleventh Affirmative Defense

Defendants assert the affirmative defense that Plaintiff has not suffered any loss or damage as a result of any actions of Defendants, and in any event, any such loss or damage that may have been sustained is *de minimis,* remote, speculative, and/or transient, and hence not cognizable at law.

## CONCLUSION & PRAYER

Defendants Micheal Mapes, Orlin Matute Murillo, and Service Plus, LLC request that the Court enter judgment that (1) Plaintiff take nothing by this suit; (2) taxes all costs against the Plaintiff; (3) that Defendant Mapes recover his attorneys' fees and costs under Section 15.51(c) of the Texas Business & Commerce Code; and (4) awarding them all other relief to which he is justly entitled.

[signature block on next page]

Respectfully submitted,

**SPENCER FANE, LLP**

By: /s/ *Frederick T. Johnson*
Frederick T. Johnson
Texas Bar No. 00785429
Federal Bar No. 15420
fjohnson@spencerfane.com
M. Kevin Powers
Texas Bar No. 24041715
Federal Bar No. 37195
kpowers@spencerfane.com
Victoria Narezo
Texas Bar No. 24143730
Federal Bar No. 3900537
vnarezo@spencerfane.com
3040 Post Oak Blvd., Suite 1300
Houston, Texas 77056
Telephone: (713) 552-1234

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

On December 20, 2024, a true and correct copy of this document was filed and/or delivered electronically by electronic filing and served on all lead counsel of record.

/s/ *Frederick T. Johnson*
Frederick T. Johnson